UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Andrew Dibble,<br><br>                Plaintiff,<br>v.<br><br>John D. Bradshaw P.C.; and DOES 1-10, inclusive,<br><br>                Defendants. | Civil Action No.: 1:15-cv-480<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT & JURY DEMAND

For this Complaint, Plaintiff, Andrew Dibble, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Andrew Dibble ("Plaintiff"), is an adult individual residing in Plainwell, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant John D. Bradshaw P.C. ("Bradshaw"), is a Michigan business entity with an address of 107 West Michigan Avenue, 6th Floor, Kalamazoo, Michigan 49007, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

1

5. Does 1-10 (the "Collectors") are individual collectors employed by Bradshaw and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Bradshaw at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Bradshaw for collection, or Bradshaw was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Bradshaw Engages in Harassment and Abusive Tactics

11. In or around September 2014, Bradshaw contacted Plaintiff in an attempt to collect the Debt, which is allegedly owed by Plaintiff's son (the "Debtor").

12. Plaintiff explained to Bradshaw that the Debtor could not be reached at his number and requested that all calls to him cease.

13. Nevertheless, Bradshaw continued to harass Plaintiff with calls in an attempt to collect the Debt.

### C. Plaintiff Suffered Actual Damages

14. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

15. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff regarding the Debt on numerous occasions, without being asked to do so.

18. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

20. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

21. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

22. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Punitive damages against Defendants; and

5. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 7, 2015

        Respectfully submitted,

        By: /s/ Sergei Lemberg, Esq.
        Attorney for Plaintiff Andrew Dibble
        LEMBERG LAW, L.L.C.
        1100 Summer Street
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:   (888) 953-6237
        Email: slemberg@lemberglaw.com